**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JACQUELINE CURRY,

       Plaintiff,

v.                                                                  Case No:   6:14-cv-1099-Orl-37GJK

HSBC HOLDINGS,

       Defendant.

**ORDER**

This cause is before the Court on the Plaintiff, Jacqueline Curry's Motion to Request Reconsideration of Decision to Transfer Case to Orlando Division (Doc. 45), filed August 25, 2014, which the Court construes as a motion to transfer pursuant to 28 U.S.C. § 1404(a). Upon consideration, the Court finds that the motion is due to be granted.

**BACKGROUND**

This post-employment retaliation action was initiated by pro se Plaintiff Jacqueline Curry in the Tampa Division of the U.S. District Court for the Middle District of Florida. (Doc. 1.) On July 8, 2014, the previous district court judge assigned to this action *sua sponte* ordered that this action be transferred to this Division pursuant to Local Rules 1.02(c) and Rule 1.02(e) because Plaintiff resides in this Division, and a prior action between the parties was litigated in this Division.[1] (Docs. 40, 41.) On August 25, 2014,

---

[1] Rule 1.02(c) provides that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." M.D. Fla. Local Rule 1.02(c). Rule 1.02(e) permits the Court to transfer any civil action to any other Division "upon good cause shown" or in its discretion.

Plaintiff filed a motion requesting that the Court allow her to pursue her claims in the Tampa Division because litigating in this Division is inconvenient and will cause her financial burden. (Doc. 45.) Defendant has not responded to Plaintiff's motion, and the time to do so has passed. *See* M.D. Fla. Local Rule 3.01(b). Thus, the Court considers Plaintiff's motion unopposed.

## STANDARDS

Any civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice [. . .] to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer a case pursuant to § 1404(a) should be based on "an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations and citations omitted). The Eleventh Circuit has provided a list of nine factors that are relevant to such a decision:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

## DISCUSSION

The Court finds that factors one through four, six, eight, and nine all weigh in favor of Plaintiff's request for transfer, and factors five and seven are neutral.[2]

---

[2] Plaintiff does not argue that the availability of process to compel the attendance of unwilling witnesses is an issue in this case, and the Tampa and Orlando Divisions are equally familiar with the governing law.

Importantly, Defendant is located in Tampa (Doc. 37, p. 2); thus, Tampa is not an inconvenient place to litigate, and documents and witnesses pertinent to Plaintiff's case are likely located in Tampa. (Doc. 45.) Indeed, Plaintiff represents that most of the witnesses that she will subpoena are located in Tampa. (*Id.*) Further, although Plaintiff does not specifically allege that Defendant engaged in post-employment retaliation in Tampa, it is fair to infer that Plaintiff's claim occurred in the Tampa Division because Plaintiff alleges that HSBC retaliated against her by refusing to provide employment references for the Plaintiff when her prospective employers would call. (Doc. 43, ¶ 14.) Thus, the Court finds that factors one through four weigh in favor of transfer.

The financial means of the parties is largely disproportionate. Defendant is a sizeable corporation, Plaintiff is an individual of limited means, and Plaintiff asserts that proceeding in the Orlando Division will cause her financial burden and prevent her from obtaining justice in this case. (Doc. 45.) Thus, notwithstanding Plaintiff's residence and prior litigation in this Division, the Court finds that the sixth factor also weighs in favor of transfer. Finally, the Court gives Plaintiff's choice of forum (factor eight) great weight because the operative facts underlying Plaintiff's claims appear to have occurred in the Tampa Division, and Defendant has not opposed her motion. *See SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) (noting a strong presumption against disturbing plaintiff's initial forum choice "unless the balance is strongly in favor of the defendant").

Based upon the circumstances discussed above, and HSBC's failure to respond to Plaintiff's motion, the Court finds that "trial efficiency and the interest of justice" favor the venue in the Tampa Division. Were this Court to retain venue, there is potential that it will

hinder the Plaintiff's ability to litigate her claim due to her financial constraints. Moreover, Defendant is located in Tampa, and most of Plaintiff's witnesses are located in Tampa, which makes it significantly more convenient for both parties to pursue the action in the Tampa Division. Accordingly, Plaintiff's motion is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Pro Se Plaintiff, Jacqueline Curry's Motion to Request Reconsideration of Decision to Transfer Case to Orlando Division (Doc. 45), which the court construes as a motion to transfer pursuant to 28 U.S.C. § 1404(a), is **GRANTED**.

2. The **CLERK** of this Court shall **TRANSFER** this action to the United States District Court for the Middle District of Florida, Tampa Division for all further proceedings.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 23, 2014

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties